■ BENJ. HOCHMAN ELECTRIC CO., INC., Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 45380.) — GIBSON, P. J. Appeal by the State from so much of a judgment of the Court of Claims as awarded claimant, the contractor for electrical work at Creedmoor State Hospital, (1) the sum of $2,310.62 for extra work in the installation of fluorescent lighting fixtures, (2) the sum of $5,843.82 for extra work in splicing cables, and (3) the sum of $6,825, the amount of the liquidated damages assessed by the State for delay in the completion of the contract, found by the Court of Claims to have been wrongfully assessed and withheld from the amounts due claimant under the contract. (1) In respect of the first extra work item, claimant's officer and principal witness conceded that the contract required him to hang lighting fixtures in the area of the skylights and he further testified that the so-called Kindorf method of installation — that which claimant actually employed — was the only method that could be used. The Court of Claims properly found that the contract required the installation of fluorescent fixtures and that the State did not order claimant to utilize the Kindorf channel system of installation. Clearly then, there is no adequate evidentiary support for the court's award, based upon its finding that claimant was requested and required by the State's representatives to perform and supply extra work and materials in the amount of this particular item. (2) The other extra work item allowed was for splicing of cables, this procedure becoming necessary when claimant discovered that the cable which had been specified by the State and manufactured upon claimant's order, with the State's approval, while readily passing through the four-inch conduits installed by claimant pursuant to the contract, was too large to pass through certain concealed,

pre-existing conduits in place. The State's engineer agreed that these were so constructed that they appeared to be four-inch conduits and looked like that to him, but that the State's records showed them to be three-inch, as in fact they were. The State's principal defense to this claim is its letter, consisting of self-serving and unsupported declarations, written after claimant had presented a bill for the extra work and long after the State had approved the splicing procedure as an acceptable solution to the problem encountered. The record discloses no reason to disturb the trial court's award, predicated, as it is, on the factual finding of errors in the State's specifications. (3) The trial court was also warranted in holding that the State was not entitled to withhold the amount it had assessed (under paragraph 87 of article 21 of the State Architect's Standard Mechanical Specifications) as liquidated damages for claimant's " delay in completion of the contract  *  *  *  beyond the time set for completion ". The State did fix such a penalty, or at least stated to claimant that it would do so, but subsequently the State Architect, acting pursuant to paragraph 88 of the Specifications hereinbefore referred to, by letter of July 9, 1964, advised claimant contractor as follows:  " The completion date of this contract is hereby extended to July 10, 1964 which date coincides with the date of final certificate and constitutes the date of acceptance of the work by the State in accordance with Article 21 and Article 24 of the General Conditions of the State Architect's Standard Specifications." No valid reason has been advanced for giving this writing any meaning other than the purport of its plain and simple language; from which it follows that the contractor's delays, having been anterior to the new " time set for completion ", no longer gave rise to any right to liquidated damages and the State's subsequent withholding thereof was improper. Judgment modified, on the law and the facts, so as to reduce the award of damages by the amount of $2,310.62 and interest and, as so modified, affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Gibson, P. J.